**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAWN MOUSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-515-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for summary judgment filed by the United States (Doc. 36). Plaintiff filed a timely response to the motion on October 7, 2008. The Court will rule without a hearing.

Plaintiff, Dawn Mouser, alleges that treating physicians employed by the United States failed to timely diagnose and treat the underlying cause of her hypertension, a rare (2 out of 1 million people have it) adrenal gland tumor called pheochromocytoma. The tumor was ultimately diagnosed and removed by other physicians. Mouser's symptoms persisted, however, and her blood pressure remained high. Thus, the United States argues, Mouser cannot prove that its employees negligently and carelessly failed to timely diagnose and treat the underlying cause of her hypertension as alleged.

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P

56 (c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.,* 655 F.2d 115, 118 (7th Cir. 1981).

In response to the Government's motion, Mouser admits that some of her symptoms remain, but she argues that others do not (or they have changed), and she outlines this in detail, symptom by symptom. The Court has carefully considered the testimony cited by Mouser, but disagrees that there is a genuine issue of material fact on the issue of causation. Her response is thorough and scholarly, but the fact remains that removal of the tumor did not alleviate her symptoms. Thus, Mouser cannot show that the United States negligently failed to timely diagnose and treat the underlying cause of her hypertension. The United States is entitled to judgment as a matter of law.

Accordingly, Defendant's motion for summary judgment (Doc. 36) is **GRANTED**, and Plaintiff's claims are **DISMISSED on the merits**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 11/28/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge